UNITED STATES DISTRICT COURT     SEND
CENTRAL DISTRICT OF CALIFORNIA     JS-6
    Enter

## CIVIL MINUTES - GENERAL

Case No.: CV 03-1231 PA (MANx)     Date: July 17, 2003

Title: William J. Wagener v. James P. Dunn, et al.

**DOCKET ENTRY**     THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

**PRESENT:**

### HONORABLE PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

ENTERED
CLERK, U.S DISTRICT COURT
JUL 18 2003
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**C. Kevin Reddick**
**Deputy Clerk**     **Court Reporter**

**Attorneys Present for Plaintiff:**     **Attorneys Present for Defendants:**
None     None

**PROCEEDINGS:**     IN CHAMBERS - COURT ORDER

Before the court is plaintiff's response to the Court's order to show cause why this action should not be dismissed because of plaintiff's failure to serve the original complaint within the 120 day period mandated by Fed. R. Civ. P. 4(m). Plaintiff has also filed an application for an order for leave to file a first amended complaint and a request to enlarge the time within which to serve the defendants. The court finds the matter suitable for determination without oral argument.

This action was filed on February 21, 2003. Rule 4(m) of the Federal Rules of Civil Procedure provides that service of the summons and complaint must be made upon defendants within 120 days of filing the complaint, that is, on or before June 21, 2003. To date, no proof of such service has been filed, nor has any defendant appeared in the action. On July 7, 2003, this Court ordered plaintiff to show in writing why he failed to serve defendants on a timely basis and otherwise failed to prosecute this action.

Plaintiff filed this action on February 3, 2003. Plaintiff never served the original complaint on any of the defendants, nor did he file a waiver of service or a certification of service of process within 45 days of filing the complaint. Although the 120-day time requirement has been violated, the court will not dismiss where good cause has been shown.

Good cause generally means plaintiff attempted service but did not complete it; plaintiff was



confused about the requirements of service; or plaintiff was prevented from serving the defendants by factors beyond his control. It is examined by considering: (1) whether the delay resulted from inadvertence or whether reasonable effort to effect serve has occurred; (2) whether defendant has been prejudiced by the delay; or (3) whether plaintiff has moved for an enlargement of time to effect service Fed. R. Civ. P. 6(b). See Echevarria v. Department of Correctional Services of N.Y. City, 48 F.Supp.2d 388, 392 (S.D.N.Y. 1999). Plaintiff believes that there is ample good cause to explain why there was no service.

Plaintiff claims he intended to amend the complaint before serving it because: (1) his client continued to provide him with new information or facts; (2) that it was likely the defendants would violate his client's probation based on new information provided by his client; (3) that if ongoing investigation uncovered new facts, he would likely name his client's opponent in the March 2, 2002 primary election; (4) in the second week of June 2003, he received a telephone call from a representative of one of the defendants who wanted to discuss a resolution of the matter; (5) that his car broke down in a remote area and he lost 2 days at a time when four or five of his other cases needed intensive work; (6) researching and analyzing the new information provided by his client took time; (7) his heavy workload as a sole practitioner; and (8) that he miscalendared the date when he intended to file an amended complaint. Plaintiff also contends that the defendants are not prejudiced by the delay of service because defendants did receive a courtesy copy of the original complaint. He also contends that it appears that unless the court grants his application, plaintiff may not be able to pursue his pendent common law counts.

There is no indication that any of the defendants attempted to evade service or that there were any outside factors preventing plaintiff from serving the original complaint. The reasons cited by the plaintiff are not enough to overcome the lack of effort in attempting to serve the complaint. Fed. R. Civ. P. 4(m) is intended to force parties and their attorneys to be diligent in prosecuting their causes of action. See Geller v. Newell, 602 F.Supp. 501, 502 (S.D.N.Y. 1984). Plaintiff willfully chose not to serve the original complaint on the defendants for tactical reasons in order to strengthen his position. Willful delay in serving a complaint is a particularly serious failure to prosecute. See Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir. 1985) ("desir[ing] to amend complaint before effecting services does not constitute good cause"). Plaintiff could have amended the complaint after serving the defendants. See Fed. R. Civ. P. 15. The burden for proof of good cause has not been met. The court finds a violation Fed. R. Civ. P. 4(m). Accordingly, the court dismisses the case without prejudice.

Having dismissed this action, the plaintiff's request to amend the original complaint and for an enlargement of time to serve the complaint are moot.

IT IS SO ORDERED.

